### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-1149-KHV-GEB |
| DANIEL J. JACKSON, | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

Daniel J. Jackson, proceeding pro se, filed this federal action attempting to remove an existing criminal action against him in the Reno County District Court. This matter is before the Court on the Notice of Removal (ECF No. 1) and on Defendant's Motion for Leave to Proceed without prepayment of the filing fee (ECF No. 3, *sealed*). Because Defendant proceeds pro se, the Court liberally construes his claims.[1] However, "removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[2] Having considered the matter, the Court will summarily **recommend the remand** of this matter to the state district court. Because the case is recommended for remand, the undersigned also **recommends** Defendant's motion to proceed in forma pauperis (ECF No. 3, *sealed*) be **denied**.

---

[1] *Williams v. Kansas*, No. 18-3115-SAC, 2018 WL 2118323, at *1 (D. Kan. May 8, 2018) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[2] *Id*. (quoting *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted)).

## I.  Background

Mr. Jackson notes a criminal case was filed against him in the 27th Judicial District, Reno County, Kansas, captioned *State of Kansas v. Daniel Jackson*, Case No. 20-CR-75 (filed Jan. 25, 2020). Defendant contends the action is a criminal action of which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1455. (ECF No. 1 at 1.) Defendant claims the case arises under several provisions of the U.S. Constitution, the Commerce Clause, and various Kansas state laws. (*Id*. at 1-2.) He contends removal is appropriate "because it is a criminal action that is between State of Kansas and Private citizen." (ECF No. 1-2 at 2.) Defendant attached copies of the state court proceedings to his Notice. (ECF Nos. 1-1, Ex. A; and 1-2, Ex. B.)

A review of the state court Complaint/Information reveals three state criminal charges lodged against Mr. Jackson. All three counts are Aggravated Assault with a Deadly Weapon under K.S.A. § 21-5412(b)(1), Level 7 person felonies in the State of Kansas. (ECF No. 1-1 at 4-5.)

## II.  Analysis of Removal

As noted, Defendant seeks removal of this state criminal action to the federal court pursuant to 28 U.S.C. § 1455. This statute provides:

> (a) **Notice of removal**.—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) **Requirements**.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

    (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

    (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

    (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

    (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

(c) **Writ of habeas corpus**.—If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455. Defendant is correct in his assertion that this statute governs removal. However, it should also be noted the statute is procedural in nature, and "the Court must look to other authority for substantive guidance.[3]

Pursuant to 28 U.S.C. § 1442, a State criminal case may be removed to federal court if brought against the federal government or an agency thereof, or any officer of the United States;[4] a property holder whose title is derived from any such officer, where such action affects the validity of any federal law;[5] or an officer of the U.S. courts or of either House of Congress relating to their official duties.[6] Additionally, under 28 U.S.C. § 1442a, a state criminal prosecution brought against a member of the U.S. Armed Forces may be removed to a federal court.[7]

However, the information before this Court does not show Defendant meets the criteria by being a federal officer, member of the armed services, an officer in any House of Congress. Therefore, the case does not qualify for removal under 28 U.S.C. § 1442 or § 1442a.

Another potential basis for removal is found under 28 U.S.C. § 1443. Under this statute, a state criminal prosecution may be removed to federal court if it is filed:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[3] *Williams*, 2018 WL 2118323, at *2.
[4] 28 U.S.C. § 1442(a)(1).
[5] 28 U.S.C. § 1442(a)(2).
[6] 28 U.S.C. § 1442(a)(3)-(4).
[7] 28 U.S.C. § 1442a.

4

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

When reviewing removal under § 1443(1), "the Court applies the two-part test established by the Supreme Court in *Johnson v. Mississippi*:[8]"

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality."[9] Allegations by a petitioner seeking removal that are based upon provisions of general applicability or statutes that do not protect against racial discrimination are not an adequate basis for removal.[10]

> Second, it must appear ... that the removal petitioner "is denied or cannot enforce" the specified federal rights "in the courts of [the] State."[11] The removal petitioner has a heavy burden in satisfying this showing: "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendants to trial in the state court."[12]

Having reviewed the entirety of Defendant's removal pleadings, the Court can surmise an incident occurred resulting in Defendant's arrest on January 25, 2020. But the Notice of Removal does not allege any facts to support a claim of racial discrimination. Additionally, by virtue of Defendant's presumptive removal of this matter to federal court, he may be attempting to articulate he cannot get effective relief in the state criminal action. But again,

---

[8] *Johnson v. Mississippi,* 421 U.S. 213 (1975).
[9] *Williams*, 2018 WL 2118323, at *2 (quoting *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).
[10] *Id*. (citing *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).
[11] *Id*. (quoting *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1))).
[12] *Id*. (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)).

as required, his pleadings do not allege any facts to demonstrate he is unable to seek effective relief in the state criminal action. Therefore, he is not entitled to removal under 28 U.S.C. § 1443(1).

And, under 28 U.S.C. § 1443(2), the privilege of removal is conferred "only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."[13] Again, Defendant does not present any allegations which suggest he might meet this standard.

### III. Defendant's Motion to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*)

Federal law mandates the clerk of each district court to require the parties instituting any civil action to pay a filing fee.[14] If a filing party wishes to proceed without prepayment of this filing fee, he or she may petition the Court for the ability to proceed *in forma pauperis* under 28 U.S.C. § 1915. This requires the party to file "an affidavit that includes a statement of all assets" the party possesses and describes why the person is unable to pay the fee.[15]

Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[16] Pursuant to 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[17] To proceed *in forma pauperis* Plaintiff must show an inability to

---

[13] *Id.* at *3 (quoting *City of Greenwood*, 384 U.S. at 824).
[14] 28 U.S.C. § 1914.
[15] 28 U.S.C. § 1915(a)(1).
[16] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[17] *Id.* (citing 28 U.S.C. § 1915(a)(1)).

pay the required filing fee.[18] The court, typically, compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[19] But the decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[20]

When comparing Defendant's monthly income to his monthly expenses, it appears he is unable to afford to pay the filing fee. However, in light of the recommendation of summary remand discussed above, the Court recommends his motion to proceed *in forma pauperis* (ECF No. 3) be denied.

However, a magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's Application.[21] Thus, the undersigned magistrate judge **RECOMMENDS** the Application (**ECF No. 3,** *sealed*) be **DENIED.**

## IV. Recommendation

For the reasons stated above, **IT IS THEREFORE RECOMMENDED** that this matter be summarily remanded to the state district court.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Proceed Without Prepayment of Fees (**ECF No. 3,** *sealed*) be **DENIED**.

---

[18] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).
[19] *See Patillo v. N. Am. Van Lines*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April 15, 2002) (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. April 9, 1997)).
[20] *Baldwin*, 2007 WL 1652145, at *1; *see also Lister* at 1312.
[21] *Id.* at 1312 (finding the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Defendant by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Defendant may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[22]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 15th day of November, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[22] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).